IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN CARLOS DIAZ, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | 3:12-CV-0476-G (BK) | |
| § | | |
| BANK OF AMERICA NA, Home Loan § | | |
| Servicing, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I.  BACKGROUND**

Plaintiff Juan Carlos Diaz ("Diaz") filed a complaint on behalf of himself and his wife, Maria Esparza ("Esparza"), against Defendants Bank of America, MERS Electronic Registration Systems, Inc., Fidelity Bank, and fifty unidentified individuals and/or entities. Although Diaz, who is not an attorney admitted to practice before this court, signed the complaint and the motion to proceed *in forma pauperis*, Esparza did not. Thus, on February 17, 2012, the Court issued a notice of deficiency and order requiring Plaintiffs to submit, no later than March 16, 2012, an amended complaint signed by both of them in compliance with FED. R. CIV. P. 11, and directing Esparza to file an *in forma pauperis* motion. The Court also issued a questionnaire requiring both Plaintiffs to provide additional information about the claims alleged in the complaint. As of the date of this recommendation, Plaintiffs have not complied with the deficiency order or responded to the questionnaire; nor have they sought an extension of time to do so.

## II. DISCUSSION

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiffs have been given ample opportunity to comply with the deficiency order and respond to the questionnaire. They have impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice for want of prosecution, and **DENY** Plaintiff's motion to proceed *in forma pauperis* as moot.

SIGNED March 30, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent Plaintiff's answers to the questionnaire the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE